**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

IN RE:                                                                  Case No.6:18-bk-04726-CCJ

JAMES ALLYN HARDEN and                             Chapter 7
CHRISTINE LYNN HARDEN,

Debtors.
_____/

**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, IN TRUST FOR REGISTERED HOLDERS OF FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-FF18'S MOTION FOR RELIEF FROM AUTOMATIC STAY TO ENFORCE FINAL JUDGMENT OF FORECLOSURE**
**[Re: 6755 Calistoga Circle, Port Orange, Florida 32128]**

> **NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**
>
> **Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.**
>
> **If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 400 W. Washington Street, Suite 5100, Orlando, FL 32801, and serve a copy on the movant's attorney, Wanda D. Murray, at Aldridge | Pite LLP, Fifteen Piedmont Center, 3575 Piedmont Road, N.E., Suite 500, Atlanta, GA 30305 and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.**
>
> **If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

U.S. Bank National Association, as trustee, in trust for registered holders of First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-FF18 ("Movant"), by and through undersigned counsel, files this *Motion for Relief from the Automatic Stay to Enforce Final Judgment of Foreclosure*, and in support states as follows:

1.  The Court has jurisdiction over this matter pursuant to 11 U.S.C. §362, Rule 4001(a) of the Federal Rules of Bankruptcy Procedure, and the various other applicable provisions of the United States Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the laws of the United States of America.

2.  On August 6, 2018, Debtors filed a voluntary petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code.

3.  Debtors' own certain real property located at 6755 Calistoga Circle, Port Orange, Florida 32128 (the "Property") in Volusia County, legally described as:

> **LOT 838, WATERS EDGE PHASE VIII, ACCORDING TO THE PLAT THEREOF AS RECORDED IN MAP BOOK 48, PAGES 205-207 INCLUSIVE OF THE PUBLIC RECORDS OF VOLUSIA COUNTY FLORIDA**

4.  Movant holds a security interest on the Property by virtue of a Mortgage which is recorded in the Public Records of Volusia County, in Book 5947 at Page 2030. Said Mortgage secures a Note in the amount of $270,000.00.

5.  Debtors defaulted under the terms of the Note and Mortgage by failing to make the monthly payments due there under. As a result of these defaults, Movant commenced a foreclosure action in the Circuit Court for the Seventh Judicial Circuit in and for Volusia County, which ultimately resulted in the entry of a Final Judgment (the "Final Judgment") against Debtors on June 21, 2018 in the amount of $306,254.26 with regards to the Property. A true and correct copy of the *Final Judgment* is attached hereto as **Exhibit A**.

6.  In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtors obtain a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of U.S. Bank National Association, as trustee, in trust for registered holders of First Franklin Mortgage Loan Trust, Mortgage Loan

Asset-Backed Certificates, Series 2006-FF18, who directly or through an agent, has possession of the Note. The Note is either made payable to Movant or has been duly endorsed.

7. The Property has been claimed exempt by Debtors.

8. The estimated value of the Property is $255,406.00. This valuation is based on the fair market value as determined by the Volusia County Property Appraiser. A copy of the Volusia County Property Appraisal is attached as **Exhibit B.** Thus, there is no equity in the Property for the benefit of unsecured creditors of the estate.

9. Movant's security interest in the Property is being significantly jeopardized by Debtors' failure to make regular payments under the subject loan documents while Movant is prohibited from pursuing lawful remedies to protect such security interest.

10. Movant respectfully requests that the Court grant it relief from the automatic stay in this case pursuant to 11 U.S.C. §362(d)(1), for cause, namely the lack of adequate protection to Movant for its security interest in the Property. The value of the Property is insufficient in and of itself to provide adequate protection to Movant, which the Bankruptcy Code requires to be provided.

11. Movant further requests that the Court Order entered pursuant to the instant Motion provide that all communications sent by Movant in connection with proceeding against the Property including, but not limited to, notices required by state law and communications to offer and provide information with regard to a potential Forbearance Agreement, Loan Modification, Refinance Agreement, Loss Mitigation Agreement, or other Loan Workout, be sent directly to Debtors.

12. Pursuant to 11 U.S.C. §362(e), Movant hereby requests that in the event a hearing is necessary, that said hearing be held within thirty (30) days.

13.     Movant seeks its attorneys' fees and costs incurred in filing this *Motion for Relief from Automatic Stay.*

**WHEREFORE**, Movant respectfully requests that the automatic stay be lifted so that Movant may be permitted to protect its security interest in the Property outside of the bankruptcy forum, that in the event that a hearing is necessary on this Motion that it be held within thirty (30) days, that Movant's attorneys' fees and costs incurred in filing this Motion be recoverable as part of the debt pursuant to the loan documents but shall not be a personal liability of Debtors, that the Court waive the provisions of Rules 4001(a)(3) and for such further relief as the Court may deem just and proper.

Respectfully Submitted:

Wanda D. Murray, Bar No.: 566381
Attorney for Movant
Aldridge Pite, LLP
Fifteen Piedmont Center  3575 Piedmont Road, N.E., Suite 500  Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (619) 590-1385
Email: WMurray@aldridgepite.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Motion for Relief from the Automatic Stay* was served electronically or via U.S. Mail, first-class postage prepaid, to:

**DEBTORS ATTORNEY**
**(via electronic notice)**

Frank M Wolff
fwolff@fmwpa.com

**DEBTORS**

James Allyn Harden
Christine Lynn Harden
6755 Calistoga Circle
Port Orange, FL 32128

**TRUSTEE**
**(via electronic notice)**

Dennis D Kennedy
trustee@ddkennedy.com

**UNITED STATES TRUSTEE**
**(via electronic notice)**

Office of the U.S. Trustee
USTP.Region21.OR.ECF@usdoj.gov

Dated: November 26, 2018

/s/ *Wanda D. Murray*
Wanda D. Murray, Bar No.: 566381
Attorney for Movant
Aldridge Pite, LLP
Fifteen Piedmont Center  3575 Piedmont Road, N.E., Suite 500  Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (619) 590-1385
Email: WMurray@aldridgepite.com

6/22/2018 10:55:35 AM Instrument #2018127174 #1 Book:7562 Page:2238

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR VOLUSIA COUNTY, FLORIDA

CASE NO.: 2017 31270 CICI

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, IN TRUST FOR REGISTERED HOLDERS OF FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-FF18,
Plaintiff,

VS.

JAMES A. HARDEN A/K/A JAMES HARDEN; CHRISTINE L. HARDEN A/K/A CHRISTINE HARDEN; UNKNOWN SPOUSE OF JAMES A. HARDEN A/K/A JAMES HARDEN; UNKNOWN SPOUSE OF CHRISTINE L. HARDEN A/K/A CHRISTINE HARDEN; WATERS EDGE AT PORT ORANGE HOMEOWNERS ASSOCIATION, INC.; UNKNOWN TENANT 1, UNKNOWN TENANT 2,
Defendant(s).
_____/



## FINAL JUDGMENT

THIS ACTION was heard before the Court at Non-Jury Trial on June 21, 2018. On the evidence presented,

IT IS ADJUDGED THAT:

1. Plaintiff, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, IN TRUST FOR REGISTERED HOLDERS OF FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2006-FF18, whose address is, 3217 South Decker Lake Drive, Salt Lake City, UT 84119, is due:

1012-459B
2017 31270 CICI

Exhibit A

| | | |
|---|---|---|
| Principal | | $280,190.31 |
| Interest from 01/01/2017 through 6/21/2017 | | $13,282.46 |
| Escrow Advance Balance | | $7,147.35 |
| Taxes | $4,899.09 | |
| Insurance | $2,248.26 | |
| Advance Balance | | $5,633.53 |
| Valuations | $178.00 | |
| Inspections | $150.00 | |
| FC Fees | $2,745.00 | |
| FC Costs | $2,560.53 | |
| Interest on Advance | | $0.61 |
| TOTAL | | $306,254.26 |

That shall bear interest at the rate of 5.72% a year.

2. Plaintiff holds a lien for the total sum superior to all claims or estates of Defendant(s), JAMES A. HARDEN A/K/A JAMES HARDEN; CHRISTINE L. HARDEN A/K/A CHRISTINE HARDEN; WATERS EDGE AT PORT ORANGE HOMEOWNERS ASSOCIATION, INC., on the following described property in Volusia County, Florida and described as:

LOT 838, WATERS EDGE PHASE VIII, ACCORDING TO THE PLAT THEREOF AS RECORDED IN MAP BOOK 48, PAGES 205-207 INCLUSIVE OF THE PUBLIC RECORDS OF VOLUSIA COUNTY, FLORIDA.

Property Address: 6755 CALISTOGA CIRCLE, PORT ORANGE, FL 32128

3. If the total sum with interest at the rate described in Paragraph 1 and all costs accrued subsequent to the Judgment are not paid, the Clerk of this Court shall sell the property at public sale on the 8th day of August, 2018, to the highest bidder for cash, except as prescribed in Paragraph 4, in accordance with section 45.031, Florida Statues, using the following method:

   o At the Volusia Online, www.Volusia.Realforeclose.com beginning at 11:00 AM on the prescribed date.

1012-4598
2017 31270 CICI

Exhibit A

4. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property for sale, provided however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the Certificate of Title. If Plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

5. On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the Plaintiff's costs; second, documentary stamps affixed to the Certificate; third, Plaintiff's attorney's fees; fourth, the total sum due to plaintiff, less the item paid, plus interest at the rate prescribed in Paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court.

6. If applicable, Plaintiff, its successors or assigns, is entitled to safe harbor under F.S. 720 or 718, respectively, and as such is only responsible to pay 1% of the subject mortgage or one (1) year of regular periodic assessments, at the time Certificate of Title is issued vesting title to Plaintiff, its successors or assigns. Plaintiff, including its successors and assigns, is not responsible for interest, late fees, collection costs or attorney's fees incurred prior to the issuance of the certificate of title.

7. On filing of the Certificate of Sale, Defendant(s) and all persons claiming under or against Defendant(s) since the filing of the notice of Lis Pendens shall be foreclosed of all estate or claim in property, except as to claims or rights under chapter 718 or chapter 720, Florida Statues, if any. Upon the filing of the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property. If any Defendant



1012-4598
2017 31270 CICI

Exhibit A

~~remains in possession of the property, the clerk shall without further order of the Court issue forthwith a Writ of Possession upon request of the person named in the Certificate of Title.~~ (MSD)

8. *The Plaintiff may assign the Judgment and credit bid by the filing of an assignment prior to the issuance of the Certificate of Title without further order of the Court.*

9. *Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, a deficiency judgment, and orders relating to supplemental proceedings to address any omitted parties who may possess an interest in the property. Jurisdiction of this action is further retained to allow Plaintiff to file post-judgment motions seeking a determination on the amounts of assessments due to any Associations under §718.116 and §720.3085, Fla. Stat.*

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.

IF YOU ARE SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN 60 DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT FOR YOUR COUNTY WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

| Volusia County Clerk of Court |
|---|
| 101 North Alabama Avenue |
| Deland, FL 32724 |
| (386) 736-5907 |
| www.clerk.org/index.html |

1012-459B
2017 31270 CICI

Exhibit A

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT THE LOCAL LEGAL SERVICES LISTED BELOW TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT ONE OF THE SERVICES LISTED BELOW, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

**Volusia County**
Community Legal Services of Mid-Florida, Inc.
Daytona Beach, FL
(386) 255-6573
www.clsmf.org
Florida Institutional Legal Services, Inc.
Gainesville, FL
(352) 375-2494
fils@bellsouth.net
Florida Justice Institute
Miami, FL
(305) 358-2081

DONE AND ORDERED in DeLand, Volusia County, Florida, this 21 day of JUNE, 2018.

_____
Circuit Court Judge

Copies Furnished to:
ALDRIDGE | PITE, LLP
Attorney for Plaintiff
1615 South Congress Avenue
Suite 200
Delray Beach, FL 33445
Primary E-Mail: ServiceMail@aldridgepite.com
[FAX: Aldridge Pite @1-561-392-6965]

James A. Harden A/K/A James Harden
6755 Calistoga Circle
Port Orange, FL 32128

1012-4598
2017 31270 CICI

Exhibit A

Instrument #2018127174 #6 Book:7562 Page:2243 Laura E. Roth, Volusia County Clerk of Court

Christine L. Harden A/K/A Christine Harden
5755 Calistoga Circle
Port Orange, FL 32128

Waters Edge at Port Orange Homeowners Association, Inc.
c/o Cheryl Weber, Registered Agent
5889 Williamson Boulevard, Suite 1301
Port Orange, FL 32128

1012-459B
2017 31270 CICI

Exhibit A

11/6/2018

Volusia FL Public Access

Altkey: 6088349  
HARDEN JAMES A & CHRISTINE L

Parcel ID: 730604008380  
6755 CALISTOGA CIR , PORT ORANGE

**Working Tax Roll Values**

| Year | Land Value | Impr Value | Just Value | Non-Sch Assd | Non-Sch Exemptions | Non-Sch Taxable | HX Savings |
|---|---|---|---|---|---|---|---|
| 2018 | $16,000 | $239,406 | $255,406 | $208,908 | $50,000 | $158,908 | $46,498 |

**Previous Year Values**

| Year | Land Value | Impr Value | Just Value | Non-Sch Assd | Non-Sch Exemptions | Non-Sch Taxable | HX Savings |
|---|---|---|---|---|---|---|---|
| 2017 | $20,340 | $239,103 | $259,443 | $204,611 | $50,000 | $154,611 | $54,832 |
| 2016 | $20,340 | $250,438 | $270,778 | $200,403 | $50,000 | $150,403 | $70,375 |
| 2015 | $20,340 | $230,982 | $251,322 | $199,010 | $50,000 | $149,010 | $52,312 |
| 2014 | $20,340 | $218,891 | $239,231 | $197,431 | $50,000 | $147,431 | $41,800 |
| 2013 | $20,340 | $193,327 | $213,667 | $194,513 | $50,000 | $144,513 | $19,154 |
| 2012 | $20,340 | $159,522 | $179,862 | $179,862 | $50,000 | $129,862 | $0 |
| 2011 | $24,000 | $159,522 | $183,522 | $183,522 | $50,000 | $133,522 | $0 |
| 2010 | $24,000 | $159,800 | $183,800 | $183,800 | $50,000 | $133,800 | $0 |

**Exhibit B**